IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IAN RUPERT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: CIV-22-420-R |
| | ) | |
| v. | ) | AMENDED COMPLAINT |
| | ) | (Unlawful Debt Collection Practices) |
| CAPITAL ACCOUNTS, LLC, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## AMENDED COMPLAINT

NOW COMES Plaintiff, Ian Rupert, and his Complaint against Defendant, Capital Accounts, LLC, alleges as follows:

## INTRODUCTION

1. Plaintiff states a claim against Capital Accounts, LLC for violation of the Fair Debt Collection Practices Act, codified 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which was enacted in 1978.

2. Congress stated its findings and purposes of the FDCPA:

**(a) Abusive practices**

There is *abundant evidence* of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasion of individual privacy.

**(b) Inadequacy of laws**

Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

**(c) Available non-abusive collection methods**

> Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

> **(d) Interstate Commerce**

> Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

> **(e) Purposes**

> It is the purpose of this title to *eliminate* abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JUSISDICTION AND VENUE

3. Jurisdiction of his court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducted business in the state of Oklahoma; therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person who resides in Oklahoma, County of Oklahoma.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant, is a collections business with an office in Franklin, Tennessee.

10. Upon information and belief, Defendant used interstate mail and made telephone calls to consumers attempting to collect on defaulted consumer debt.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Defendant sent correspondence to Plaintiff seeking and demanding payment for a debt.

13. On March 2, 2021, Plaintiff recorded a telephonic conversation between Plaintiff and Defendant. On this phone call, Plaintiff clearly disputed the debt.

14. On June 1, 2021 (after Plaintiff had disputed the debt), Defendant communicated the debt to the credit reporting agency(ies), but failed to also communicate that the disputed debt was disputed by Plaintiff, in violation of 15 U.S.C. § 1692e(8).

15. Plaintiff has suffered actual damages as a result of these failures to report the disputed debt by this Defendant in the form of anger, anxiety, frustration, amongst other negative emotions, as well as suffering damage to his credit score.

## COUNT I
## DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT,
## (FDCPA), 15 U.S.C. § 1692 et seq.

16. Defendants violated § 1692e(8) of the FDCPA by failing to communicate that a disputed debt is disputed.

**WHEREFORE**, Plaintiff, Ian Rupert, respectfully prays that judgment be entered against Defendant for the following:

a) Statutory damages of $1,000.00, pursuant to the FDCPA, 15, U.S.C. § 1692k;

b) Actual damages pursuant to the FDCPA, 15 U.S.C. § 1692k;

c) Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. § 1692k;

and

d) Any other relief that this court deems to be just and proper.

      Respectfully submitted,

      RIGGS, ABNEY, NEAL, TURPEN,
       ORBISON & LEWIS P.C.


      *s/ David T. Mowdy*

      Chad C. Taylor, OBA No. 18308
      David T. Mowdy, OBA No. 34733
      528 NW 12th St
      Oklahoma City, OK 73103
      Telephone:   (405) 843-9909
      Facsimile:    (405) 842-2913
      ctaylor@riggsabney.com
      dmowdy@riggsabney.com
      *Attorneys for Plaintiff*